**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roy H. HAMM, Defendant-Appellant.**

**No. 85–1362.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1985.
Decided March 26, 1986.

Ronald Lee Bell, Deerfield, Ill., for defendant-appellant.

Paul L. Kanter, U.S. Atty. Office, Danville, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, EASTERBROOK, Circuit Judge, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

A jury convicted defendant-appellant of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2. The jury acquitted him of a second count charging possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The trial

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

court sentenced him to twelve years' imprisonment. We affirm the conviction, but remand the case for resentencing.

## Facts

In October 1984, agents of the Illinois Department of Law Enforcement, Division of Criminal Investigation, were conducting an undercover narcotics investigation into the activities of Schiavone, a co-defendant in the instant case who pled guilty. The Department suspected Schiavone of narcotics trafficking in the Kankakee, Illinois area.

During the course of the investigation, agent Grant sought to purchase one kilogram of cocaine from Schiavone. When agent Grant refused to help finance Schiavone's purchase of the cocaine, Schiavone borrowed $25,000 from Savinski, a Michigan City, Indiana, friend who was the other co-defendant in this case and who also pled guilty. Savinski learned of the purpose of the loan some days later and, when Schiavone appeared to be having trouble finding a supplier of the cocaine, Savinski suggested defendant-appellant Hamm.

Savinski contacted Hamm and told him that Schiavone had a purchaser for ten kilograms of cocaine. Hamm later confirmed the availability of a quantity of cocaine and indicated that his source of the cocaine was "Columbians." Savinski passed this information to Schiavone who passed it to agent Grant.

On October 23, 1984, Schiavone and agent Grant met in a room at the Bradley, Illinois, Holiday Inn. They called Savinski at Gratty's, a Michigan City bar, to finalize their transaction. They informed Savinski that agent Grant wished to purchase one, rather than ten, kilograms of cocaine and that agent Grant did not want to travel from the Kankakee area to complete the deal. Savinski told Hamm, who was with him at Gratty's, about the changes in the plan. Hamm made a phone call and told Savinski that the changes were acceptable. Savinski called Schiavone a short time later and worked out the remaining details.

Hamm and Savinski met the next morning to leave for Kankakee. Hamm carried a duffle bag and asked Savinski if he wanted to check it before they left. Savinski declined. While Hamm and Savinski drove in Savinski's van to Kankakee, Schiavone and agent Grant awaited their arrival in the Bradley Holiday Inn.

At approximately 1:00 P.M., Savinski called Schiavone at the Holiday Inn and told Schiavone that they were waiting for him at the Bonanza Restaurant on Court Street in Kankakee. Schiavone left to meet them. Savinski waited for him in the restaurant. Hamm waited in the van. Schiavone met Savinski in the restaurant and, after briefly discussing the money still owed Savinski by Schiavone, the two went to the van where Schiavone met Hamm.

From the front passenger seat, Hamm handed the duffle bag to Schiavone who was sitting in the rear seat. Schiavone checked the contents and returned to agent Grant at the Holiday Inn to get the money. Whereupon agent Grant arrested him. A short time later, other agents arrested Schiavone and Hamm in the restaurant parking lot. In a search of the van subsequent to the arrest, agent King found the duffle bag which contained 994.1 grams of 78.8% pure cocaine.

Hamm's arraignment occurred on December 4, 1984. On January 3, 1985, all three defendants viewed a video tape of the arrest. On January 8, Hamm filed a Motion to Suppress the cocaine based upon the lack of probable cause for the search of the van and the coercion of Schiavone who told the agents where they could find the cocaine. On January 9, the trial court ordered that all pending motions would be heard on January 14, the day of trial.

At the hearing on the motions, the trial court denied Hamm's Motion to Suppress. When Hamm learned that his co-defendants had entered into plea agreements, he moved for a continuance of trial which the court also denied. Instead, the trial court delayed the jury selection and the beginning of the Government's case to allow Hamm an opportunity to consult with his attorney. The jury found him guilty and he appeals.

*Issues*

Hamm presents three issues on appeal:

I. Whether the trial court abused its discretion in denying Hamm's Motion for Continuance;

II. Whether the trial court erred in denying Hamm's Motion to Suppress the cocaine; and,

III. Whether the trial court properly considered Hamm's challenge regarding information contained in the presentence investigation report?

I. *Whether the trial court abused its discretion in denying Hamm's Motion for Continuance?*

Savinski and Schiavone entered pleas of guilty on the morning of trial. Hamm's counsel moved for a continuance seeking time to compare their statements to the evidence as he already knew it. Instead of granting a continuance, the trial court delayed the selection of the jury until that afternoon and postponed the beginning of the Government's case until the next morning. The trial court felt that this delay would provide Hamm's counsel sufficient time to compare the former co-defendants' testimony with the 18 U.S.C. § 3500 material he had received three days earlier. Transcript at 3.

 This Court may review the trial court's denial of a request for a continuance only for an abuse of discretion. To establish an abuse of discretion, Hamm must show that actual prejudice resulted from the denial. *United States v. Rodgers,* 755 F.2d 533, 539 (7th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 3532, 87 L.Ed.2d 656 (1985); *United States v. Aviles,* 623 F.2d 1192, 1196 (7th Cir.1980). Hamm claims that ineffective assistance of counsel resulted from the denial of the continuance. Therefore, this Court must inquire into Hamm's counsel's actual performance at trial. *Rodgers,* 755 F.2d at 540. We measure counsel's performance by the totality of the circumstances as revealed by the trial transcript. *United States v. Flick,* 719 F.2d 246, 248 (7th Cir.1983), *cert.*

*denied,* 466 U.S. 962, 104 S.Ct. 2178, 80 L.Ed.2d 560 (1984). The transcript reveals that Schiavone and Savinski did not present testimony so complicated that Hamm's counsel required a great amount of time or expert assistance to understand it. Trial counsel conducted extensive and effective cross-examination of both Schiavone and Savinski. He challenged their versions of the facts and attempted to impeach their credibility. We conclude that Hamm's counsel's trial performance surpassed the minimum professional standards. Therefore, no prejudice resulted to Hamm. *Rodgers,* 755 F.2d at 541.

II. *Whether the trial court erred in denying Hamm's Motion to Suppress the cocaine?*

The trial court arraigned Hamm on December 4, 1985. The Order for Pretrial Discovery and Inspection directed that motions "be filed within fifteen (15) days of the arraignment (or such later time as may be set by the Court)." Record at 20. On January 8, 1985, after viewing a video tape of the arrest, Hamm filed his Motion to Suppress. Hamm based his motion on an alleged violation of Schiavone's fifth amendment rights. *Id.* at 38. When the trial court considered the motion on the morning of trial, Hamm's counsel stated that he was basing the motion on information received from Schiavone's and Savinski's counsels through their innuendoes. Transcript at 5. After discussing the motion, the trial court, finding that it had no merit, denied it for being untimely filed. *Id.* at 8.

 "Failure by a party to raise defenses ... at the time set by the court ... shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver." Fed.R.Crim.P. 12(f). A trial court has discretion when considering an untimely motion and a reviewing court may disturb the trial court's decision only for clear error. *United States v. Mangieri,* 694 F.2d 1270, 1283 (D.C.Cir.1982). In order to gain relief under Rule 12(f), a party must present a legitimate explanation for his failure to make a timely motion, *United States v. Davis,* 663 F.2d 824, 831

(9th Cir.1981), and absence of prejudice, *Brooks v. United States,* 416 F.2d 1044, 1048 n. 1 (5th Cir.1969), *cert. denied,* 400 U.S. 840, 91 S.Ct. 81, 27 L.Ed.2d 75 (1970). "[A]bsence of prejudice by itself may justify a district court's refusal to grant relief from the waiver resulting from non-timely filing...." *United States v. Hirschhorn,* 649 F.2d 360, 364 (5th Cir.1981) (citing *Brooks,* 416 F.2d at 1048 n. 1).

■ In the instant case, this Court finds no prejudice and, therefore, will not disturb the trial court's denial of the untimely motion. First, Hamm based his Motion to Suppress on an alleged violation of Schiavone's rights. "A defendant 'may not obtain exclusion of evidence on ground that someone else's rights were violated.'" *United States v. Davies,* 768 F.2d 893, 897 (7th Cir.) (quoting *United States v. Williams,* 737 F.2d 594, 616 (7th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1354, 84 L.Ed.2d 377, (1985)), *cert. denied,* —— U.S. ——, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985). Second, a trial court need only grant a suppression hearing when a defendant presents facts justifying relief, that is, facts which are definite, specific, detailed and nonconjectural. *United States v. Richardson,* 764 F.2d 1514, 1527 (11th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 320, 88 L.Ed.2d 303 (1985); *United States v. Harrelson,* 705 F.2d 733, 737 (5th Cir.1983). The facts alleged by Hamm fail to meet this standard.

III. *Whether the trial court properly considered Hamm's challenge regarding information contained in the presentence investigation report?*

■ At the sentencing hearing, Hamm challenged several items in the presentence investigation report. Those items included an allegation by Savinski that Hamm had contracted for Savinski's murder, a probation violation charge which occurred when Hamm was arrested for a murder, a probation violation charge for possession of a gun, an offense in which Hamm was charged with conspiracy to commit burglary, assault and battery, intent to kill, and committing a felony while armed, and the opinion of a probation officer that Hamm had no legitimate source of income. Hamm informed the trial judge that he had not contracted for Savinski's murder, that neither of the alleged probation violations had been prosecuted or affected his probation, that the alleged offense had resulted in a prosecution and conviction for voluntary manslaughter, and that he derived legitimate income from manufacturing custom-made clocks. The Government declined to question Hamm and, in its argument, stated that it found the presentence report to be very complete and thorough. The trial court denied Hamm's motion to strike the contested material from the presentence investigation report and, in sentencing Hamm, declared that he was an outlaw. See Transcript at 233–48.

In *United States v. Eschweiler,* 782 F.2d 1385 (7th Cir.1986), a case heard on the same day as the instant case, this Court, relying on *United States v. Rone,* 743 F.2d 1169 (7th Cir.1984), and Rule 32, Federal Rules of Criminal Procedure, stated:

*Rone* requires that the sentencing judge ask the defendant three questions in order to comply with Rule 32: (1) whether the defendant has had an opportunity to read the report; (2) whether the defendant and defense counsel have discussed it; and (3) whether he or she wishes to challenge any facts in the report. *Id.* at 1174. This questioning process establishes a record reflecting that the defendant has had a realistic opportunity to read, discuss, and object to the report.

If the defendant disputes a fact in the report, the requirements of subsection (D) are triggered. *Rone,* 743 F.2d at 1175. The sentencing judge is then obligated either to make written findings concerning the disputed matter or a written determination that the disputed matter will not be relied on for sentencing, and then attach it to the presentence report. *Id.* at 1175. These procedures, when strictly followed, ensure that the defendant's sentence is based on accurate and reliable information and that subsequent recipients of the report are aware of whatever resolutions occurred at sentencing.

... Thus all a defendant needs to show in order to be resentenced for a violation of Rule 32(c)(3)(D) is that (1) allegations of inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matters or a determination that the disputed information would not be used in sentencing.

*Eschweiler*, 782 F.2d 1385, 1389 (citations omitted) (footnotes omitted). In this case, the trial court made neither findings regarding the controverted matters nor a determination that the information would not be used in sentencing. Rule 32(c)(3)(D) compels us to remand the case for resentencing.

## *Conclusion*

This Court AFFIRMS Hamm's conviction, but REMANDS the case for resentencing consistent with the procedures set forth in *Eschweiler* and Rule 32(c)(3)(D), Federal Rules of Criminal Procedure.