979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose GARCIA, Defendant-Appellant.
 No. 91-50660.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 17, 1992.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * We needn't determine whether the district court should have granted Garcia's motion to substitute counsel, because the court denied the motion only after learning that the Federal Defender's Office had reassigned the case to a different lawyer (Maria Valdez). Garcia got his new lawyer, and has no basis for complaint.[1]
 
 II
 
 3
 Valdez moved for a continuance on July 5--four days before the trial was scheduled to start--on the grounds that (1) the "defense investigation need[ed] to be completed" and (2) the defense wouldn't have time to verify the transcripts of certain tapes that the government was going to turn over. E.C.R. at 11. The district court denied this motion, and denied it again when Valdez renewed it on July 12, the morning of trial.
 
 
 4
 We will reverse a district court's denial of a continuance motion only if the defendant shows the denial caused actual prejudice to his defense. United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). "What might have been discovered had a continuance been granted is inadequate to establish prejudice." Id. at 1135. Garcia doesn't point to any way in which his defense was actually prejudiced. Even though he's had over a year to check the transcripts for errors, he points to none. He argues the denial of the continuance kept him from calling two witnesses--Tony Zavala, a confidential informant, and Detective Marco, the arresting officer--but points to no exculpatory evidence they would have given. He says Detective Marco "would have been able to tell the jury the extent of Mr. Zavala's involvement in this case," Appellant's Brief at 34, but doesn't explain what that testimony would have been or how it would have helped the defense. He argues Valdez didn't have enough time to evaluate the substantive evidence, but doesn't identify any errors she made as a result. See United States v. Hamm, 786 F.2d 804, 806 (7th Cir.1986).
 
 
 5
 Moreover, Garcia's July 5 motion said nothing about his need to talk to Zavala and Marco. E.C.R. 11-16. He can't now argue that the court abused its discretion when he didn't properly explain to the court why the continuance was necessary. See Ungar v. Sarafite, 376 U.S. 575, 589 (1964) ("reasons presented to the trial judge at the time the request is denied" are especially relevant in determining whether the judge abused his discretion). Garcia's July 12 motion did allude to the need to talk to Zavala, but this motion was made after the jury was selected, literally minutes before trial was to start. G.E.R. at 26-28. Considering defendant's lack of diligence, the obvious inconvenience that would result from such a last-minute continuance, and the lack of any specific evidence that interviewing Zavala would have been helpful, we find no abuse of discretion here. See Shirley, 884 F.2d at 1134.
 
 III
 
 6
 The district court admitted into evidence translated transcripts of conversations between Garcia and undercover agents, conversations that were carried on in an obscure Argentinian dialect, Appellant's Brief at 29. Garcia argues the court erred in not giving the jury the following proposed instruction:
 
 
 7
 You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different that appears on the transcript, then what you heard is controlling....
 
 
 8
 This argument borders on the frivolous. This instruction may make sense for English-language tapes, but it's patently inapplicable when the tape is in a language the jury can't understand. See United States v. Rengifo, 789 F.2d 975, 982 (1st Cir.1986). Garcia's argument that the court erred in admitting the transcripts into evidence fails for the same reason.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Garcia claims that, had his old lawyer been relieved, the Federal Public Defender's office--to which both his old lawyer and his new lawyer belonged--would have had to conflict off the case. He cites for this proposition ABA Standards for Criminal Justice 4-3.1 and 4-8.6, but neither those standards nor any other authority requires any such thing