19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel F. DUANE, Petitioner-Appellant,
v.
Howard PETERS, III, Respondent-Appellee.
 No. 92-2804.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 28, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 After waiving his right to counsel and to a jury trial, Daniel Duane was convicted of attempted armed robbery by the circuit court of St. Clair County, Illinois. Duane filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in which he raised a total of nine claims. The district court denied his petition, and we affirm.
 
 
 2
 On direct appeal from his conviction, Duane was appointed counsel, who filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). The Appellate Court of Illinois granted counsel's motion to withdraw, finding no meritorious issues for appeal. Duane did not seek leave to appeal that decision to the Supreme Court of Illinois. Instead, he filed a petition for post-conviction relief raising the same nine claims he raises here, plus one other. The trial court denied the petition and again Duane was appointed counsel. Counsel raised only two of the ten claims on appeal. The Appellate Court of Illinois found that the doctrine of res judicata barred those two claims and, in the alternative, they lacked merit. Meanwhile, Duane filed a motion to supplement counsel's brief to preserve the claims not appealed. That motion was denied by the Appellate Court of Illinois, and an interlocutory appeal of the motion was denied by the Supreme Court of Illinois. Finally, the Supreme Court of Illinois denied leave to appeal.[1]
 
 
 3
 The failure to raise and pursue all claims during the course of state proceedings amounts to procedural default. Wainright v. Sykes, 433 U.S. 72 (1977); Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir.1988), cert. denied, 490 U.S. 1009 (1989). Such claims may not be considered by this court unless the petitioner shows cause for and prejudice from his procedural default. Wainright, 433 U.S. at 87; Henderson, 859 F.2d at 496. Although Duane procedurally defaulted on all of his claims by failing to seek leave to appeal to the Supreme Court of Illinois on direct appeal, the Appellate Court of Illinois addressed the merits of the two post-conviction claims before it. For that reason, and because Duane pursued those two claims in the Supreme Court of Illinois, they are not procedurally defaulted and are properly before this court. See Harris v. Reed, 489 U.S. 255 (1989) (claims not treated as waived by the state court must be considered on the merits). As for the seven claims not raised on appeal from the denial of his post-conviction petition, Duane must establish cause for and prejudice from this procedural default.
 
 
 4
 Duane has not established cause for his procedural default. His attempt to raise as cause the ineffective assistance of his post-conviction counsel fails because he could have dismissed his attorney and proceeded by himself. Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir.1993). The fact that Duane was forced to make a choice between retaining his attorney and preserving his claims does not raise Sixth Amendment concerns because there is no right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556-56 (1987). Thus, despite his efforts to file a supplemental brief, Duane has not established cause for his failure to preserve the seven claims.[2] Nor has Duane established that our failure to review his claims will result in a miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 5
 We now turn to the two claims properly before us. The state argues that Duane has waived these claims on appeal because he has not addressed them in his appellate brief. However, we believe that his claims were sufficiently raised. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Invoking the liberal pleading doctrine, Duane urges us to disregard the reference to counsel's ineffective assistance preceding each of his substantive claims. As ineffective assistance of counsel claims, Duane will be required to show that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984); see also Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). How we construe his claims ultimately makes no difference because they have no merit.
 
 
 6
 Duane first claims that his counsel on appeal was ineffective in failing to challenge the trial court's refusal to hold a suppression hearing and its denial of his motion to suppress.[3] Duane argued that when the police looked through the van's tinted windows, he was not engaged in any illegal activity and they could not have detected the color of his shoes and jacket, matching the description of the robber, through the van's tinted windows. To be entitled to a suppression hearing, Duane was required to demonstrate that there was a disputed issue by presenting "definite, specific, detailed, and non-conjectural" facts. United States v. Randle, 966 F.2d 1209, 1212 (7th Cir.1992) (citing United States v. Hamm, 786 F.2d 804, 807 (7th Cir.1986)); United States v. Rollins, 862 F.2d 1282, 1291 (7th Cir.1988), cert. denied, 490 U.S. 1074 (1989). After Duane presented his motion, the trial court specifically asked him if he was prepared to offer any supporting evidence:
 
 
 7
 Mr. Duane, are you prepared to present any evidence on your motion to quash the arrest as being without probable cause and on your motion to quash the evidence obtained through an illegal search and seizure?
 
 
 8
 (Tr.Motion Hearing 16). Duane had none.[4] Consequently, the trial court properly relied on his failure to produce any sworn testimony or evidence in denying the motion. Rollins, 862 F.2d at 1291. Duane's appellate counsel was not ineffective in failing to raise this issue.
 
 
 9
 Duane's second claim, that his appellate counsel failed to assert that he did not knowingly and voluntarily waive his right to a trial by jury, also lacks merit. To be valid, a defendant's waiver of his right to a jury trial must be knowing and voluntary. United States ex. rel. Willaims v. DeRobertis, 715 F.2d 1174, 1178-79 (7th Cir.1983), cert. denied, 464 U.S. 1072 (1984). Whether there has been a valid waiver depends on the "unique circumstances of each case." Adams v. United States ex. rel. McCann, 317 U.S. 269, 281 (1942). The petitioner bears the burden of establishing the invalidity of a waiver. DeRobertis, 715 F.2d at 1178. Here, Duane waived his right to a jury trial in the following manner:
 
 
 10
 COURT: Do you have any question on the forms in regards to jury selection?
 
 
 11
 DEFENDANT: In regards to the jury selection, I think the defendant wishes to have his cause heard before the bench?
 
 
 12
 COURT: All right. In other words, you are electing to waive your right to trial by jury?
 
 
 13
 DEFENDANT: Yes, Your Honor.
 
 
 14
 COURT: You understand that under the Constitution you have a right to be tried by a jury?
 
 
 15
 DEFENDANT: Yes Sir.
 
 
 16
 Duane argues that when he stated his wish to have his cause heard before the bench, he was referring to the issue of jury selection alone. He never intended to waive his right to a jury trial, and his waiver was made in confusion.
 
 
 17
 We are hard-pressed to give Duane's argument any credit. The trial court plainly asked if it should interpret Duane's statement as a waiver of his right to a jury trial, and he said "Yes." Although Duane was not represented by counsel, he was not unfamiliar with courtroom language and procedure. See DeRobertis, 715 F.2d at 1182 (whether a defendant is represented by counsel is relevant to the issue of intelligent waiver). Reviewing Duane's criminal history at the sentencing hearing, the assistant state's attorney commented:
 
 
 18
 Your Honor, for the last thirteen years when the defendant has not been incarcerated, the defendant has failed to live a law abiding life, he's been convicted for everything from receiving stolen property to escape to burglary to possession of a controlled substance, and for smuggling, conspiracy and sale of heroin, theft of an automobile.
 
 
 19
 (Tr.Sentencing 7). It is inconceivable that an individual with Duane's level of experience in the criminal justice system could remain ignorant of the significance of waiving his right to a trial by jury.
 
 
 20
 Notably, Duane does not argue that he was unaware of his right to a jury or that he did not fully appreciate that right. Id. at 1183 n. 6. Duane finds fault with the trial court's attempt to ensure that Duane was aware of his right to a jury after he had already waived it. However, Duane's statement that he intended to waive his right had no effect until the court accepted the waiver. Id. at 1178. Because Duane's claim had no merit, his counsel was not ineffective in failing to raise it on appeal.
 
 
 21
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The district court found that Duane had not appealed to the Supreme Court of Illinois. However, that was not the case; his petition for leave to appeal was denied on October 5, 1989. People v. Duane, 545 N.E.2d 118 (1989)
 
 
 [2]
 Because Duane has not established cause for his procedural default, we need not address whether he has shown prejudice. See Farrell v. Lane, 939 F.2d 409, 412, cert. denied, 112 S.Ct. 387 (1991)
 
 
 [3]
 Ordinarily, Fourth Amendment claims are not cognizable on habeas review. Stone v. Powell, 428 U.S. 465, 494 (1976). However, they may be considered in determining whether counsel was ineffective for failing to raise them. Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986)
 
 
 [4]
 Although Duane may have been unaware as a pro se litigant that his statements would not be taken as evidence unless he was sworn in, the trial court informed him that if he obtained evidence later, he could pursue his motion again. This he did not do. In fact, at trial Duane declined to take the stand after he was informed that if he did so, his credibility could be challenged through the use of prior convictions. (Tr.Trial 105-06)