**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Martin HIRSCHHORN, a/k/a Leslie Reed, "Marty", and/or "Ted", Defendant-Appellant.**

**No. 80–1755.**

United States Court of Appeals, Fifth Circuit.
Unit A

July 2, 1981.

Kenneth E. Houp, Jr., Austin, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN and TATE, Circuit Judges and SMITH *, District Judge.

TATE, Circuit Judge:

The defendant Hirschhorn was convicted of the willful failure to file a wagering tax return as required by 26 U.S.C. § 4412, in violation of 26 U.S.C. § 7203.[1] The gravamen of the offense is that the defendant Hirschhorn unlawfully failed to register his name and address with the Internal Revenue district, as required to do if engaged in receiving wagers either for himself or for another (Kotwitz). Hirschhorn was sentenced to one year in prison and a $10,000 fine.

On Hirschhorn's appeal, he urges three grounds for reversal of his conviction: (1) The trial court erred in denying his motion to suppress; (2) the trial court erred in denying his motion for leave to file an amended motion to suppress; (3) and if so, under a proffer of evidence, certain inculpatory oral statements made by him at the time of his arrest should have been suppressed, since (as his amended motion to suppress alleges) they were the product of an illegal arrest in that the arrest warrant was for another individual named Theilen (with whom the Internal Revenue agents had incorrectly identified Hirschhorn); and (4) there was insufficient evidence to establish that Hirschhorn was engaged in the business of accepting wagers, a prerequisite to the requirement to file a return under 26 U.S.C. § 4412 and the criminal violation of 26 U.S.C. § 7203 for failure to file the return.

For reasons to be set forth, we do not find that the trial court erred on any of the grounds urged by appellant, and we therefore affirm.

### 1. The Warrant

The principal ground of attack on the search warrant is that—even conceding (as the defendant does not) that the affidavit upon which based shows probable cause for a search of property under the control of one "Theilen" (the name believed to be that of Hirschhorn in the surveillance by law enforcement agents)—no probable cause is shown by the affidavit for searching *Hirschhorn's* premises or vehicle. This contention is based upon the argument that the affidavit shows that the agents had checked only to see if "Theilen" was registered as required by statute, and that *if* (for instance) Hirschhorn had been registered, there would have been no probable cause to search Hirschhorn's premises or vehicle—the gravamen of the *federal* offenses (violations of which were the basis for the search) being a failure to register, not the mere conduct of a wagering business.

The three warrants at issue—to search Hirschhorn's apartments (391 and 332, which were leased in other names) and a Buick automobile driven by him (Texas license plate AKG 720)—were based upon a long and detailed affidavit by an Internal Revenue agent. The affidavit summarized information received by informants and

---

* District Judge of the Northern District of Mississippi, sitting by designation. Judge Orma R. Smith was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

1. 26 U.S.C. § 7203 provides:

    Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

    26 U.S.C. § 4412 requires that each person required to pay a tax on wagers, 26 U.S.C. § 4401, 4421, shall register with the local internal revenue district (1) his name and residence, (2) each place of wagering business and the names and addresses of those who receive wagers on his behalf, and (3) "if he is engaged in receiving wagers for or on behalf of any person liable for tax under subchapter A [the tax on wagers], the name and place of residence of each such person."

surveillance conducted by law enforcement officers concerning gambling activities conducted by four individuals at specified locations, these individuals not being registered nor having filed tax returns as required by federal wager-tax statute.[2]

Without detailed analysis, we will simply state that the affidavit's allegations of information received from reliable informants and obtained by surveillance adequately show probable cause to believe that *Kotwitz* was engaged in a large-scale gambling operation and that *he* had not registered or filed wagering tax returns as required by law. The affidavit unquestionably shows probable cause to search for gambling paraphernalia any premises or vehicle shown to have been used in *Kotwitz's* gambling business.

■ Based on an anonymous informant's tip of unshown reliability (see below), the agents also conducted surveillance of a man known to them as "Theilen" (who was *actually* Hirschhorn). The observations of these agents detailed in the affidavit adequately established probable cause for the magistrate to believe that "Theilen's" apartments were used by Theilen to receive wagers on Kotwitz's behalf, and that "Theilen's" Buick (which moreover was registered in Kotwitz's name as owner) was used in connection with this gambling enterprise conducted on Kotwitz's behalf. Thus, whether or not Theilen (or Hirschhorn) was properly registered, the affidavit adequately established probable cause to search the premises (apartments 391 and 332) in which wagers were accepted by "Theilen" on behalf of the unregistered Kotwitz, as well as Kotwitz's vehicle used by "Theilen" in connection with the wagering business conducted by Kotwitz. The district court therefore correctly denied a motion to suppress the evidence seized from these apartments and this vehicle.

The defendant also strongly contends probable cause was deficient in that the initial basis for connecting "Theilen" with a large-scale unregistered wagering business conducted by Kotwitz was hearsay information by an *anonymous informant of unshown reliability* that "Theilen" worked for Kotwitz as a "telephone man" to take bets at a specified telephone number, that Kotwitz and "Theilen" met on Monday nights to "grade the slips," and that Kotwitz and other known gamblers met regularly at a given place at about 1:00 p. m. on Tuesday of each week to settle bets. The surveillance by law enforcement officers set forth in the affidavit reasonably corroborated that "Theilen's" premises were used to accept wagers by telephone, that "Theilen" and Kotwitz met at Kotwitz's residence on Monday, and that Kotwitz met with known other gamblers on Tuesday at the place stated.

■ Hearsay tips by an anonymous informant may not by themselves furnish probable cause for a search, since they lack compliance with the criteria that information in the affidavit must furnish the issuing magistrate an adequate basis upon which to judge both the reliability (a) of the informant and (b) of the information furnished by him. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). However, a tip of unknown reliability may be corroborated and shown to be reliable through independent investigation that corroborates in material respects the information given by the informant. *Spinelli, supra*, 393 U.S. at 416–417, 89 S.Ct. at 589 (citing with approval *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)); *United States v. Scott*, 555 F.2d 522, 527 (5th Cir. 1977). Here, the anonymous informant's information was adequately corroborated by the subsequent surveillance of the law enforcement agents; moreover, independent of the initial tip, the subsequent surveillance adequately established probable cause to search "Theilen's" apartments and vehicles, as being used as premises in which to accept wagers on behalf of Kotwitz and in pursuance of Kotwitz's unregistered gambling business.

**2.** The affidavit was also used as the basis for search warrants issued to search four other premises and three other automobiles in addition to those used by Hirschhorn.

### 2 and 3. *The Amended Motion to Suppress and the "Illegal" Arrest*

Twelve days before the trial Hirschhorn filed a motion for leave to file an amended motion to suppress certain incriminating statements made by Hirschhorn at the time of his arrest. It is contended that the statements were the product of an illegal arrest, in that the warrant used to arrest Hirschhorn had named the arrestee as "Theilen," who was a different person. The original motion to suppress was heard and denied on February 8, 1980, by which time (if not earlier) the allegedly defective warrant was known to Hirschhorn's counsel. It is conceded that the amended motion of June 11, 1980 was untimely and that therefore the asserted grounds for suppression were waived, unless the court for cause granted relief from the waiver. Fed.R. Crim.P. 12(f).

█ We find no merit to the contentions made. No abuse of discretion is shown, as required, to disturb the district court's refusal to grant relief from the waiver. *United States v. Hall*, 565 F.2d 917, 920 (5th Cir. 1978); *Brooks v. United States*, 416 F.2d 1044, 1047–48 (5th Cir. 1969). For one reason, absence of prejudice by itself may justify a district court's refusal to grant relief from the waiver resulting from non-timely filing, *Brooks, supra*, 416 F.2d at 1048 (n.1), and here the ground for suppression asserted by the amended motion did not justify suppression.

█ The warrant was issued to arrest a man incorrectly identified as "Theilen" to the governmental agents, who by their surveillance obtained probable cause to arrest this "Theilen." The circumstance that "Theilen's" real name was Hirschhorn does not appear to us to affect the validity of the arrest, even though in fact there was another real person named Theilen, any more than if the warrant had been made out in the name of "Reed," the alias by which Hirschhorn had rented one of the apartments.[3] Moreover, the issue before us is not in truth the validity of the arrest itself; it is, instead, the admission of statements made in connection therewith. Under somewhat analogous circumstances (where the police arrested another individual in the good faith belief he was the suspect and obtained incriminating evidence in a search of the premises incident to the arrest), the Supreme Court has held that evidence obtained as the result of a good-faith arrest upon probable cause to believe that the arrestee had committed the crime is admissible, even though in actuality the arrest is of the wrong person. *Hill v. California*, 401 U.S. 645, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971).

### 4. *Sufficiency of Evidence*

Finally, the defendant argues that there was insufficient evidence to support the court's finding that appellant was in the business of accepting wagers and thus required to file a wagering tax return. Ex-

---

**3.** We do not find the decision relied upon by the defendant to be apposite. In *West v. Cabell*, 153 U.S. 78, 14 S.Ct. 752, 38 L.Ed. 643 (1894), a *Vandy* West sued the federal marshal for his illegal arrest on a warrant issued to arrest *James* West. In this damage suit, the Supreme Court reversed and remanded because of an instruction of the district court that the marshal was not liable for damages if he had the subjective belief that the arrestee (Vandy) was the man named in the warrant. The Court relied upon the principle that the warrant must name the person to be arrested to be valid and held that, for purposes of the damage suit, a marshal might not be justified in arresting a person different than the individual named in the arrest warrant (the case was remanded for a new trial). Aside from the distinguishing context in which the decision was made, *West*

concerned the arrest of an entirely innocent person without probable cause, based upon the marshal's assumption that he (although with a different first name) was the person in the arrest warrant whom alone he was authorized to arrest.

The decision is not authority for a holding that an arrest is invalid for purposes even of a wrongful arrest if the arrest warrant identifies the offender intended to be arrested by an incorrect name. Here, for instance, we doubt that Hirschhorn had a viable action for wrongful arrest simply because the warrant listed him as "Theilen," whereas in fact the warrant was based on probable cause acts actually committed by Hirschhorn (although incorrectly believed by the officers to be an individual named Theilen).

amining the evidence in the light most favorable to the government and with all reasonable inferences in support of the verdict of the court, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), this contention of appellant is without merit.

■ It is sufficient for conviction under the statute that appellant be in the business of accepting wagers for himself or for or on behalf of another. 26 U.S.C. § 4412. The "writer" who receives bets for another is subject to the act, as well as is the "banker" who is engaged in the business of accepting wagers, either by himself or through "writers." *Evans v. United States*, 349 F.2d 653, 656 (5th Cir. 1965).

■ After his arrest on November 17, 1979, Hirschhorn made admissions leading to the reasonable conclusion that he had been accepting wagers for profit. Furthermore, betting slips in Hirschhorn's handwriting were found in the car he was driving; receipt books, line sheets, and other gambling paraphernalia were found in his car and in his apartment. Evidence of other witnesses could reasonably support a finding that telephone bets on football games were accepted at telephones in Hirschhorn's apartments. This evidence is sufficient to support the conclusion reached by the court that Hirschhorn was engaged in the business of accepting wagers for profit. *See United States v. Bowen*, 411 F.2d 923 (5th Cir. 1969); *Chierico v. United States*, 346 F.2d 187 (5th Cir. 1965). The jury could reasonably have rejected Hirschhorn's suggested defense that the evidence at most supports an inference that he was engaged in a sports information or "touting" service, a business not subject to the federal wager tax statutes.

*Conclusion*

For the foregoing reasons, we conclude that appellant's convictions should be AFFIRMED in all respects.

AFFIRMED.