[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 03-13784

———————————————

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2004
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00233 CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JAMES CASWELL JONES,
a.k.a. James Caswell Banaha,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Southern District of Georgia

———————————————

**(July 22, 2004)**

Before EDMONDSON, Chief Judge, TJOFLAT and COX, Circuit Judges.

PER CURIAM:

In 2002, James Caswell Jones was arrested on an outstanding warrant for

failure to pay child support. Based on statements Jones made after his arrest, the

police obtained a search warrant for Jones's home and discovered firearms in the home. Thereafter, Jones was indicted for firearms violations.

Before trial, Jones moved to suppress the firearms as the fruit of an illegal search. Jones argued that the arresting officer delayed serving the child-support warrant in hopes of arresting Jones while he was committing a drug-related offense. The district court found that the officer had intentionally delayed serving the arrest warrant and had used the warrant as a pretext to catch Jones in a drug offense. Based on those findings, the district court concluded that the arrest was unconstitutional and granted the motion to suppress.

The Court considers under a mixed standard the grant of a motion to suppress, reviewing the district court's factual findings for clear error and its application of law to those facts de novo. United States v. Chanthasouxat, 342 F.3d 1271, 1275 (11th Cir. 2003).

"Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Whren v. United States, 116 S.Ct. 1769, 1774 (1996). Instead, an arrest will be upheld if the objective circumstances justify the arrest. See Arkansas v. Sullivan, 121 S.Ct. 1876, 1878 (2001) (rejecting the conclusion that the "subjective intent" language of Whren was nonbinding dicta, inapplicable

to a pretextual arrest). Therefore, the district court erred in considering the arresting officer's subjective intent in serving the warrant.[1]

In Jones's case, the objective circumstances are that the arresting officer discovered an outstanding warrant for Jones and executed the warrant within 30 days. The warrant was still valid. Although the officer did not serve the warrant immediately upon his discovery of it, delay in executing a warrant is not itself unlawful. See United States v. Cravero, 545 F.2d 406, 413 (5th Cir. 1976) ("[A] suspect has no constitutional right to be arrested earlier than the police choose."); see also Whren, 116 S.Ct. at 1776 (stating that, if probable cause exists for a seizure, there is no need for more balancing analysis except for seizures conducted in an extraordinary manner, e.g., deadly force).

Therefore, because Jones's arrest was based upon a warrant supported by probable cause, his arrest was not unconstitutional, and the district court erred in granting Jones's motion to suppress.

REVERSED.

---

[1]To the extent that Amador-Gonzalez v. United States, 391 F.2d 308, 314-15 (5th Cir. 1968), holds that pretext can make an arrest unreasonable, that holding is overruled by the Supreme Court's rulings in Whren, 116 S.Ct. at 1774, and Sullivan, 121 S.Ct. at 1878. See United States v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997) (stating that Whren "conclusively refutes the notion" that subjective intent may invalidate police conduct justified on probable cause); see also United States v. Causey, 834 F.2d 1179, 1184-85 (5th Cir. 1987) (en banc) (overruling Amador-Gonzalez).