[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10317
Non-Argument Calendar

_____

D. C. Docket No. 05-00283-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CASWELL JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 2, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

James Caswell Jones, who is serving a 77-month sentence for possession

with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), appeals his convictions. The indictment under which Jones was convicted followed an earlier indictment, which was dismissed without prejudice for violations of the Speedy Trial Act, 18 U.S.C. § 3161-3174. The indictment under which Jones was convicted, however, is based on the same facts as the earlier indictment.

## I.

Jones first argues that his confession, and the firearms obtained through a search warrant based on his confession, should have been suppressed. Jones argues that his motion to suppress was timely because he reserved the right to supplement the motion to suppress that he originally filed. Jones asserts that he attempted to raise the motion to suppress before the jury was empaneled, but the district court did not give him the opportunity to do so. Jones additionally contends that the district court was required to excuse the jury and conduct a voir dire hearing to resolve his motion to suppress.

A district court's denial of a motion to suppress as untimely is reviewed for abuse of discretion. United States v. Milian-Rodriguez, 828 F.2d 679, 683 (11th

2

Cir. 1987). A motion to suppress evidence must be made before trial.

Fed.R.Crim.P. 12(b)(3)(c). However, a district court may, "at the arraignment or as soon afterward as practicable, set a time for the parties to make pretrial motions and may also schedule a motion hearing." Fed.R.Crim.P. 12(c). "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." Fed.R.Crim.P. 12(e). A district court may deny a motion to suppress as untimely without conducting a voir dire hearing, even where the motion concerns the voluntariness of statements made to the police. See United States v. Taylor, 792 F.2d 1019, 1025 (11th Cir. 1986) (holding that while it may be permissible for the district court to consider a motion to suppress involuntary statements despite its untimeliness, the district court is not required to do so). An amended motion to suppress may be considered untimely even where the initial motion was timely filed. See United States v. Hirschhorn, 649 F.2d 360, 364 (5th Cir. 1981).

"A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented . . . . A court need not act upon general or conclusory assertions." United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir.

3

2000) (quoting United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985)).

In this case, the district court did not abuse its discretion in denying Jones's motion to suppress. Despite Jones's assertion, the motion to suppress was not timely. Jones's first motion to suppress was completely conjectural and wholly lacked the detail that we require. Cooper, 203 F.3d at 1284. Moreover, Jones has conceded that the motion to suppress was denied in its entirety. Accordingly, that portion of the motion in which he asked to reserve the right to amend the motion to suppress also was denied.

Even if Jones successfully had reserved the right to amend his motion to suppress, the district court has the right to manage its docket. See Fed.R.Crim.P. 12(c). Thus, the district court may limit the time for filing pretrial motions, including amended motions to suppress. Fed.R.Crim.P. 12(c); Hirschhorn, 649 F.2d at 364. In this case, the district court limited the time for filing pretrial motions to 10 days after the arraignment. Jones's amended motion to suppress, raised orally at trial more than nine months after the district court disposed of the other pretrial motions, was well outside that time limit.

Finally, Jones has not shown good cause for relief from the waiver of his motion to suppress. See Fed.R.Crim.P. 12(e). As the district court noted in the

4

denial of Jones's request for an evidentiary hearing, the facts of the case are the same as those under the previous indictment, and Jones was provided open discovery. Given that all the files were available at least nine months before the trial, there is no reason Jones's counsel should not have previously discovered the basis for this motion to suppress. See Taylor, 792 F.2d at 1025. However, the motion was filed on the day of the trial, more than nine months after the facts underlying the motion were made available to Jones and after the time for filing motions to suppress expired. "These facts demonstrate inexcusable delay and last-minute motion filing." Milian-Rodriguez, 828 F.2d at 683. Accordingly, the district court properly denied Jones's motion to suppress as untimely.

## II.

Jones next argues that the district court erred in dismissing without prejudice the earlier indictment against him. Jones contends that the district court misapplied the statutory factors for determining whether to dismiss without prejudice. Jones argues that his offense was not very serious because: (1) he was initially arrested for failure to pay child support; (2) there was no evidence that he used the firearms or possessed the firearms during the commission of a crime; and (3) the lack of violence in the charges against him. Jones adds that the facts and circumstances leading to dismissal mandated dismissal with prejudice because the government

and the court were responsible for most of the delay while the speedy trial clock was ticking. Jones also argues that the interests of justice would best have been served by dismissal with prejudice because he was forced to live under restrictions for the entirety of the delay. Jones asserts that the district court should also have considered the deterrent effect on governmental delay that would have been made by a dismissal with prejudice. Finally, Jones argues that the district court erred in finding that his rights to a speedy trial were not violated because most of the delay was the government's fault, and he was incarcerated for the entire time.

We review a district court's determination to dismiss a case with or without prejudice upon finding a violation of the Speedy Trial Act for abuse of discretion. United States v. Brown, 183 F.3d 1306, 1309 (11th Cir. 1999).

Under the Speedy Trial Act:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Thus, if the defendant moves for dismissal, and the 70 days have expired, the district court must dismiss the case. United States v. Miranda, 835 F.2d 830, 834 (11th Cir. 1988). The district court has discretion to dismiss the case with or without prejudice, and we do not perceive a preference for

either form of dismissal.  Id. at 834.  However, the district court must balance the statutory factors under 18 U.S.C. § 3162(a)(2), which are: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice.  18 U.S.C. § 3162(a)(2).

We review de novo a motion to dismiss based upon the Sixth Amendment right to a speedy trial.  United States v. Harris, 376 F.3d 1282, 1286 (11th Cir. 2004).  Pursuant to the Sixth Amendment, "the accused shall enjoy the right to a speedy and public trial . . . ."  U.S. Const. amend VI.  As we have held:

> In order to determine whether a defendant has been deprived of his [Sixth Amendment] right to a speedy trial, this court must consider (1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay (the 'Barker factors').

Harris, 376 F.3d at 1290 (citations omitted).  "The first factor serves a triggering function; unless some 'presumptively prejudicial' period of delay occurred, we need not conduct the remainder of the analysis."  Id.  However, unless the first three factors weigh heavily against the government, the defendant must show actual prejudice to prevail on a Sixth Amendment violation.  Id. at 1296. Moreover, that prejudice must be to his defense.  Doggett v. United States, 505

7

U.S. 647, 656, 112 S.Ct. 2686, 2693, 120 L.Ed.2d 520 (1992).

The district court did not err in dismissing Jones's original case without prejudice. As the district court found, the fact that Jones had not been caught using the gun or committing violent acts does not detract from the fact that Jones was a repeated felon who possessed firearms. Accordingly, the district court did not abuse its discretion in finding that Jones's offense was serious enough to weigh in favor of dismissal without prejudice. 18 U.S.C. § 3162(a)(2). Moreover, the district court found that the majority of the delay was the result of administrative confusion, and was its fault. Where delay is the result of administrative confusion, we have expressed a preference for dismissal without prejudice. Miranda, 835 F.2d at 834. Finally, as the district court noted, Jones was partially responsible for the delay because he did not assert his speedy trial rights until after a trial date was set. Accordingly, dismissal with prejudice would have permitted Jones to use the Speedy Trial Act as an offensive tool. On the other hand, the public has an interest in seeing that convicted felons do not possess firearms. Thus, the public interest also dictates dismissal without prejudice.

The district court also did not err in finding that Jones's Sixth Amendment rights were not violated. While both parties agree that the delay before trial was uncommonly long, that the government received extensions for its briefs, and the

8

government filed its motion for reconsideration and notice of appeal 30 days after the orders complained of were entered, the delay is not purely the government's fault. Much of the delay was the result of disposing of the government's appeal and Jones's petition for certiorari. Moreover, Jones could have moved to dismiss the indictment for a violation of the Speedy Trial Act within 8 days of the district court's receipt of the denial of certiorari rather than waiting until a trial date was set. Jones did not do so, thus adding to the delay. Because the majority of the delay was not any one party's fault, but rather the result of disposing of motions, appeals, and petitions for certiorari, and Jones did not timely assert his right to a speedy trial, both of those factors weigh against finding a Sixth Amendment violation. Harris, 376 F.3d at 1290. Finally, Jones has not argued that he suffered prejudice to his case as a result of the delay. Accordingly, that factor weighs against finding a Sixth Amendment violation as well. Doggett, 505 U.S. at 656, 112 S.Ct. at 2693. Because the factors weigh against finding a Sixth Amendment violation, the district court did not err in denying Jones's motion to dismiss on this ground.

## III.

Jones argues that his speedy trial rights were violated under the current indictment because more than 70 days passed between his indictment and the trial.

Jones asserts that the time was not tolled by his appeal of the dismissal of the prior indictment without prejudice. According to Jones, because the current case contains charges that were not included in the prior indictment, it could have moved to trial regardless of the disposition of the appeal.

We review a claim under the Speedy Trial Act de novo and review a district court's factual determinations on excludable time for clear error. United States v. Dunn, 345 F.3d 1285, 1288 (11th Cir. 2003). According to 18 U.S.C. § 3161(h), certain periods of delay are excluded when computing the time within which a trial must commence. 18 U.S.C. § 3161(h). Included on that list is "a period of delay resulting from other proceedings concerning the defendant, including but not limited to" delays resulting from proceedings listed in the statute. 18 U.S.C. § 3161(h)(1).

In United States v. Davenport, 935 F.2d 1223 (11th Cir. 1991), a defendant awaiting trial filed a petition for writ of habeas corpus alleging a violation of the Speedy Trial Act. Id. After the defendant was eventually convicted of the crime for which he was awaiting trial, he argued on appeal that his trial was outside of the Speedy Trial Act's limitations period. Id. at 2131. Specifically, he contended that the speedy trial clock should have run while his habeas petition, alleging violations of the Speedy Trial Act, was pending. Id. We rejected his contention

and found that the petition was an "other proceeding concerning the defendant," and was analogous to an interlocutory appeal. Id. at 2131-32. Thus, the resulting delay was excluded from the speedy trial clock. Id. at 2132.

In the instant case, Jones appealed a speedy trial decision rather than filing a habeas corpus case. However, the Supreme Court already has held that a criminal defendant may not immediately appeal a district court's order dismissing an indictment until after conviction because the indictment is but a step toward final disposition of the merits of the case and will be merged in the final judgment. Parr v. United States, 351 U.S. 513, 519, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956). Accordingly, Jones's appeal of the dismissal without prejudice also is analogous to an interlocutory appeal. As such, the district court did not err in comparing Jones's case to Davenport and finding that the proceeding tolled the speedy trial clock under 18 U.S.C. § 3161(h)(1).

**IV.**

Jones argues that his initial arrest was unconstitutional because Detective Hein "pocketed" the warrant and then delayed serving it in hopes of conducting a search of Jones at a time when he would be able to find drugs.

During the pendency of Jones's prior indictment, we entertained an appeal on the issue of whether Jones's arrest was illegal. United States v. Jones, 377 F.3d

11

1313 (11th Cir. 2004). We held, in a published opinion, that subjective intentions should play no role in Fourth Amendment analysis. <u>Id.</u> at 1314. Accordingly, we held that the district court erred in considering Hein's subjective intent in serving the warrant. <u>Id.</u> We also explicitly found that Jones's arrest was constitutional. <u>Id.</u> Now Jones argues that, under the same facts, his arrest was unconstitutional because of Detective Hein's subjective intent. This argument is foreclosed by our prior precedent, which held otherwise. <u>Id.</u> Accordingly, Jones's arrest was constitutional.

Accordingly, upon review of the record and the arguments of both parties, Jones's convictions are

**AFFIRMED.**[1]

---

[1] Jones's motion to file his reply brief out of time is granted but his request for oral argument is denied.