[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13013

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2011
JOHN LEY
CLERK

D. C. Docket Nos. 08-00051-CV-4, 05-00283-CR-4

JAMES CASWELL JONES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 23, 2011)

Before HULL and ANDERSON, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

---

*Honorable C. Roger Vinson, United States District Judge for the Northern District of
Florida, sitting by designation.

James Caswell Jones, a federal prisoner currently serving a term of supervised release, appeals *pro se* the district court's partial denial of his motion to vacate under 28 U.S.C. § 2255, and his subsequent revised sentence.

## I. JONES'S ARREST AND TRIAL

On May 31, 2002, a Georgia detective arrested Jones on an outstanding warrant for failure to pay child support. While searching Jones and his vehicle incident to arrest, the officer found marijuana, crack cocaine, and $452 in cash.

On June 1, 2002, Jones appeared before a Georgia magistrate judge for an initial appearance and bond hearing on the state charges of intent to distribute marijuana and cocaine. Jones filled out a form requesting the representation of counsel and stating that he could afford to retain counsel.

After the hearing, the arresting officer advised Jones of his *Miranda* rights, obtained a signed waiver of those rights, and questioned Jones about the pending state charges. Jones then confessed to possessing the drugs and cash seized during his arrest and revealed that he had "a little bit of marijuana" at his house. Although Jones refused to consent to a search of his home, the officer used Jones's admission to obtain a search warrant for Jones's home. During the subsequent search of Jones's home, the officer found marijuana, two shotguns, and a 9mm pistol.

After the discovery of the firearms, a federal grand jury indicted Jones for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count Two), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). Following a jury trial in 2006, Jones was convicted on all three counts. The district court imposed concurrent sentences of 77 months' imprisonment as to each count.[1] The district court also imposed 6 years of supervised release on each of Counts One and Two,[2] and 3 years of supervised release on Count Three, all to be served concurrently.

Although Jones's counsel moved in the district court to suppress Jones's post-arraignment statements to the arresting officer, the district court denied the motion as untimely. In affirming Jones's convictions on direct appeal, we held that the district court properly denied Jones's motion to suppress as untimely filed. *See United States v. Jones*, 241 F. App'x 676, 678 (11th Cir. 2007).

---

[1] In 2008, the district court reduced Jones's original sentence to 70 months' imprisonment as a result of a retroactive amendment to the Guidelines regarding quantities of crack cocaine. See 18 U.S.C. § 3582(c)(2).

[2] The parties apparently agree that Jones's presentence investigation report ("PSI") and the district court (by adopting the PSI's Guidelines calculations at sentencing) erroneously determined that Jones was subject to a mandatory term of supervised release of at least six years for Counts One and Two under 21 U.S.C. § 841(b)(1)(C), because he had a prior felony drug conviction. However, the government never filed the notice required by 21 U.S.C. § 851 and therefore could not seek an enhanced penalty based on the prior conviction. *See Perez v. United States*, 249 F.3d 1261, 1264-65 (11th Cir. 2001). Accordingly, Jones was properly subject to a term of supervised release of not less than three years. *See* 21 U.S.C. § 841(b)(1)(C).

## II. JONES'S § 2255 MOTION

Following his direct appeal, Jones in 2008 filed a motion to vacate under 28 U.S.C. § 2255 alleging ineffective assistance of trial counsel, based on his counsel's failure to file a timely motion to suppress Jones's post-arrest statements and the evidence seized from his home during the execution of the search warrant that was obtained based on those statements. In February 2009, the district court adopted the magistrate judge's report finding that Jones's trial counsel was ineffective for failing to timely move to suppress Jones's post-arrest statements and that counsel's ineffectiveness was prejudicial with respect to Jones's conviction on Count Three (the firearm charge). The district court ruled that the officer's subsequent interrogation, after Jones invoked his right to counsel, violated *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404 (1986) (holding that, if police initiate interrogation after a defendant invokes – at an arraignment or similar proceeding – his right to counsel, any subsequent waiver of the right to counsel for that police-initiated interrogation is invalid). Because Jones could not have waived his right to counsel, the arresting officer's interrogation of Jones and subsequent search of Jones's home were invalid under *Jackson*. In other words, if Jones's trial counsel had timely moved to suppress Jones's post arrest statements to the arresting officer, the motion to suppress would have been granted under *Jackson*.

4

Accordingly, the district court granted the § 2255 motion to vacate with respect to Jones's firearm conviction (Count Three), because the firearms were seized during the search of Jones's home following the illegal interrogation. Nevertheless, the district court denied the motion to vacate Jones's drug convictions (Counts One and Two) on the ground that Jones failed to show prejudice because the government "offered sufficient untainted evidence of Jones's guilt" to sustain the drug convictions. The district court then preliminarily determined that Jones's guidelines sentencing range without the firearm count would be 33 to 41 months' imprisonment.

### III. NEW SENTENCE *IN ABSENTIA*

In a written, April 20, 2009 order issued without a hearing and without the benefit of briefing, the district court vacated Jones's original Judgment and Conviction in the underlying criminal case. The district court then stated that it had considered the revised guidelines range and the 18 U.S.C. § 3553(a) factors and sentenced Jones to 33 months' imprisonment. The court continued, "If this sentence is less than the amount of time that Jones has already served, then the sentence is reduced to a 'time served' sentence." In a separate April 21, 2009 order, the district court noted the revised sentence but ordered that "all other terms and conditions shall remain in effect as originally imposed." Finally, the court

5

ordered the clerk to prepare a revised "Judgment and Commitment" order effecting the terms and conditions of the revised sentences.

The clerk duly entered a revised Judgment, but page one of the revised Judgment improperly continues to show a conviction on Count Three (the firearm count). Page two of the revised Judgment imposed a revised 33-month sentence but does not limit the 33-month sentence to Counts One and Two. The revised Judgment not only continues to show the six-year concurrent terms of supervised release on Counts One and Two, but also improperly continues to impose a term of supervised release and a special assessment on the firearm count (Count Three).

### III. CERTIFICATE OF APPEALABILITY

Jones appealed the partial denial of his petition,[3] and this Court granted a certificate of appealability (COA) as to the following two issues:

> (1) Whether the district court erred in partially denying the petitioner's § 2255 motion, where the court conceded that trial counsel was ineffective for failing to file a timely motion to suppress, and acknowledged that the tainted evidence admitted at trial bolstered the government's case with regard to petitioner's drug convictions?
>
> (2) If the district court did not err in partially denying Jones's § 2255 motion, whether the court erred in resentencing Jones in absentia and without the assistance of counsel?

---

[3]The government did not cross-appeal the district court's grant of § 2255 relief with respect to the firearm charge in Count Three.

6

On appeal, and consistent with the COA, Jones argues that the district court erred in finding that his trial counsel's deficient performance was not prejudicial as to his underlying drug convictions. Jones also argues that the district court committed *per se* prejudicial error by resentencing him *in absentia* and without the assistance of counsel as guaranteed under the Constitution and Fed. R. Crim. P. 43. He asserts that the resentencing was not ministerial because the district court could have imposed an even shorter sentence or a shorter term of supervised release on Counts One and Two.

## IV. STANDARD OF REVIEW

With regard to a district court's denial of a 28 U.S.C. § 2255 motion to vacate, we "review legal conclusions *de novo* and findings of fact for clear error." *Mamone v. United States*, 559 F.3d 1209, 1210 (11th Cir. 2009). The statutory text of § 2255 imposes a requirement that the movant be "in custody." 28 U.S.C. § 2255(a). Jones satisfies this requirement because a person serving a term of supervised release is "in custody" within the meaning of § 2255. *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL UNDER *STRICKLAND*

To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient

7

performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In determining whether counsel gave deficient assistance under *Strickland*, "[t]he test for reasonableness is not whether counsel could have done something more or different; instead," the movant must show that counsel's performance fell outside the "wide range" of professionally competent assistance. *Payne v. Allen*, 539 F.3d 1297, 1317 (11th Cir. 2008) (quotation marks omitted).

To establish prejudice under *Strickland*, the movant must show more than that the error had "some conceivable effect on the outcome of the proceeding." *Marquard v. Sec'y, Dep't of Corr.*, 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). "Rather, the [movant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

## A. Was Trial Counsel Deficient Under the First Prong of *Strickland*?

We first conclude that the district court did not err in deciding that Jones satisfied the first prong of *Strickland*: deficient performance of counsel. At the time of Jones's trial, *Jackson* held that if police initiate interrogation after the

defendant asserts – at an arraignment or similar proceeding – his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid. 475 U.S. at 636, 106 S. Ct. at 1411. Because the officer interrogated Jones after he invoked his Sixth Amendment right to counsel at his initial appearance before the state magistrate judge, all of the evidence secured as a result of the interrogation should have been suppressed. We agree with the district court that, at the time of Jones's trial, his trial counsel was constitutionally deficient for failing timely to raise this "bread and butter" *Jackson* argument in a motion to suppress Jones's statements and the evidence seized from his home.

## B. Prejudice Under *Strickland*

As to *Strickland*'s second prong, the district court determined that Jones failed to show prejudice with respect to the drug convictions[4] because the government "offered sufficient untainted evidence of Jones's guilt" to sustain the drug convictions. However, we must vacate the district court's prejudice ruling in light of an intervening change in the law.

After the district court's February 2009 order on Jones's motion to vacate, the Supreme Court decided *Montejo v. Louisiana*, 129 S. Ct. 2079 (2009).

---

[4]With respect to the firearm conviction on Count Three, the district court concluded that Jones had shown prejudice because the charge was based solely on the firearms that were seized from Jones's home and should have been suppressed. As noted above, the government did not cross-appeal this ruling, and we do not address it here.

9

Expressly overruling *Jackson*, *Montejo* holds that a defendant's request for counsel at arraignment creates no presumption invalidating a defendant's subsequent waiver of his right to counsel at police-initiated interrogation. However, although a defendant no longer enjoys a presumption that his waiver of his right to counsel was invalid, the defendant may still assert that his waiver was invalid for other reasons, such as that the waiver was not knowing, voluntary, and intelligent. *Montejo*, 129 S. Ct. at 2085. Noting that the defendant in *Montejo* had not pursued any alternative challenge to his waiver (because the waiver was *per se* invalid under *Jackson*), the Supreme Court concluded that remand was necessary to allow the defendant to pursue any alternative avenue for relief from his putative waiver. *Id.* at 2091-92.

Like the defendant in *Montejo*, Jones relied on *Jackson*'s presumption that his waiver was invalid, and he therefore presented no alternative basis for invalidating his waiver. We conclude that Jones, like the defendant in *Montejo*, is entitled to a remand to allow the district court to determine in the first instance whether Jones has any meritorious basis to challenge his waiver of the right to counsel at the police-initiated interrogation (and in turn his confession and the evidence obtained from the search of his home). Of course, on remand Jones's § 2255 motion will be governed by *Montejo*, and the district court may determine

10

that Jones is not entitled to any relief under § 2255 on either of Counts One and Two.

We recognize that remand would be moot under the government's argument that Jones cannot show prejudice because, even if the allegedly tainted evidence was suppressed, the untainted evidence was *sufficient* to support Jones's drug convictions on Counts One and Two. However, we conclude that the district court erred by using a sufficiency-of-the-untainted-evidence standard under *Strickland*'s prejudice prong.

*Strickland* counsels that, in determining whether a petitioner has shown prejudice:

> a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

466 U.S. at 695-96, 104 S. Ct. at 2069.

11

Here, Jones claims that his drug convictions should be overturned due to ineffective assistance of counsel because there is a reasonable probability that he would not have been convicted of Counts One and Two but for his counsel's error. To support conviction under 21 U.S.C. § 841(a)(1), the government must prove that a defendant (1) knowingly (2) possessed a controlled substance (3) with intent to distribute it. *United States v. Harris*, 20 F.3d 445, 453 (11th Cir. 1994). Each of these elements, including intent to distribute, may be proven by direct or circumstantial evidence. *Id.*

The untainted evidence against Jones included: (1) two bags of marijuana, (2) a container filled with ten pieces (weighing only 1.4 grams) of a substance containing cocaine, (3) $452 in cash, and (4) a 1991 conviction for possession of cocaine with intent to distribute. With the exception of the prior felony conviction, all of this evidence was obtained during a valid search incident to an arrest for unpaid child support.

The potentially tainted evidence admitted against Jones at trial included the following statements made during an unlawful interrogation: (1) that the drugs found in the car belonged to Jones, (2) that Jones sold some drugs to make a little bit of extra money, (3) that Jones sometimes smoked marijuana, but did not smoke crack, and (4) that Jones had "a little bit of marijuana" at his house. Further

12

potentially tainted evidence admitted at trial included the following items found during a search of Jones's home: (1) eighteen bags of marijuana, (2) loose marijuana, (3) three guns, and (4) ammunition. If, on remand, Jones can successfully challenge his waiver of his right to counsel after the initial appearance on the state charges, all of this evidence should have been suppressed.

If Jones successfully challenges his waiver, we are convinced that there is a reasonable probability that without the tainted evidence Jones would not have been convicted pursuant to § 841(a)(1) on either of Counts One or Two. Had the jury been presented with only the untainted evidence, Jones could have avoided conviction by arguing that the drug amounts found during the search incident to arrest were consistent with personal use, and that the $452 in cash was consistent with a normal paycheck. In other words, admission of the tainted evidence – particularly Jones's statements that he sold drugs and that he did not smoke crack, and the large quantity of marijuana found in his home – "alter[ed] the entire evidentiary picture," *Strickland*, 466 U.S. at 696, 104 S. Ct. at 2069, and rendered any such personal-use argument untenable.[5] Thus, there is a reasonable probability

---

[5]Our conclusion is bolstered by a review of the indictment. In Count One, the government charged Jones with possession of crack cocaine on May 31, 2002 (the day of his arrest). In Count Two, the government charged Jones with possession of marijuana on June 1, 2002, the day the government searched Jones's home and discovered the 18 bags of marijuana. Thus, although the government notes that Jones possessed an undetermined amount of marijuana on the day of his arrest, Count Two apparently relied heavily on evidence that should have been suppressed.

that, but for counsel's error leading to the admission of tainted evidence, the jury would have found that the evidence failed to establish the third element of a § 841(a)(1) offense – i.e., that Jones intended to distribute the drugs. This probability is sufficient to undermine confidence in the outcome of Jones's trial and convince us that Jones suffered prejudice under the second prong of *Strickland*.[6]

## VI. CONCLUSION

For the foregoing reasons, we vacate the district court's denial of Jones's motion to vacate his drug convictions and remand for further consideration in light of *Montejo*, including whether Jones can establish a meritorious basis for invalidating the waiver of his right to counsel after his initial appearance on the state charges.[7]

---

[6]In the past, we have concluded that counsel's errors were not prejudicial because of "overwhelming evidence" of guilt that was properly submitted to jury. *See, e.g., Harrison v. Jones*, 880 F.2d 1279, 1281-82 (11th Cir. 1989); *Zamora v. Dugger*, 834 F.2d 956, 961 (11th Cir. 1987). Although overwhelming, untainted evidence of guilt may support a lack of prejudice in the proper case, *Strickland* requires more than bare legal sufficiency of the untainted evidence. *See Johnson v. Scott*, 68 F.3d 106, 109-10 (5th Cir. 1995).

[7]Even if the ruling on remand does not result in the drug convictions being vacated, Jones is still entitled to a new sentencing hearing on his two drug convictions because the district court vacated the entire sentencing package and imposed the revised sentence without Jones's having an opportunity to be heard. *See United States v. Taylor*, 11 F.3d 149, 152 (11th Cir. 1994). Accordingly, we also vacate the sentence imposed in the April 21, 2009, revised Judgment. But nothing herein cabins the district court's discretion as to the ultimate sentence imposed in the event the drug convictions are not vacated. Finally, we also note that the revised Judgment has clerical errors needing correction, such as the references to the firearm conviction in Count Three.

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**