[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13527
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00266-JDW-AEP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL M. RUCKER,
a.k.a. Bryan Houston,
a.k.a. Idris Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 21, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

A jury found Michael Rucker guilty of being a felon in possession of a firearm and possessing with intent to distribute cocaine base and marijuana within 1,000 feet of a secondary school and private playground. He raises three issues in this appeal. First, Rucker argues that the district court erred by denying his motion for judgment of acquittal. Next, Rucker argues that the district court plainly erred by admitting his post-arrest statements. Last, Rucker argues that the district court plainly erred by considering his past convictions at sentencing. After careful review of the record and the parties' briefs, we affirm.

**I.**

"We review a court's denial of a motion for judgment of acquittal by performing de novo review of the sufficiency of the evidence." United States v. Gari, 572 F.3d 1352, 1359 (11th Cir. 2009). In doing so, we view the evidence in the light most favorable to the government. United States v. Taylor, 480 F.3d 1025, 1026 (11th Cir. 2007). We will not disturb the verdict unless no trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Ladson, 643 F.3d 1335, 1342 (11th Cir. 2011). We are bound by the jury's credibility determinations, and by its rejection of the inferences raised by the defendant. United States v. Hernandez, 433 F.3d 1328, 1334 (11th Cir. 2005). The test for sufficiency of evidence is identical regardless of whether the evidence

is direct or circumstantial.  United States v. Doe, 661 F.3d 550, 560 (11th Cir. 2011).

To prove a violation of being a felon in possession of a firearm, the government must prove that (1) the defendant was a convicted felon; (2) the defendant knowingly possessed a firearm; and (3) the firearm affected or was in interstate commerce.  See 18 U.S.C. §§ 922(g)(1), 924(a)(2); United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004).  Possession can be shown by circumstantial as well as direct evidence, Wright, 392 F.3d at 1273, and possession can be actual or constructive.  United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004) (per curiam).  In order to establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the firearm.  Id.  Constructive possession may also be shown through evidence of ownership, dominion, or control over the premises.  See United States v. Cochran, 683 F.3d 1314, 1320 (11th Cir. 2012).  The firearm need not be on or near the defendant's person in order to amount to knowing possession.  Wright, 392 F.3d at 1273.

Here, the evidence was sufficient to show that Rucker was a felon in possession of a firearm.  The police found a loaded Beretta 9mm handgun on a mattress and a loaded Smith and Wesson .40 caliber handgun under that same mattress.  There is no dispute that Rucker was a convicted felon and that the

3

firearms found by the police affected or were used in interstate commerce.  As to knowing possession, Rucker admitted that he had prior knowledge of the 9mm firearm found by the police and that he had handled it on a previous occasion. Officers found mail addressed to Rucker at the residence where the guns were found, and Rucker admitted that the bedroom containing the firearms was his, which demonstrates his dominion or control over their location.  Based on these facts, a reasonable jury could have found that Rucker exercised control over the firearms.  Cochran, 683 F.3d at 1320; Gunn, 369 F.3d at 1234.

To prove a violation for possession with intent to distribute cocaine base and marijuana within 1,000 feet of a secondary school and private playground, the government must show that within this proximity to a secondary school or private playground, the defendant had (1) knowing (2) possession of drugs with (3) intent to distribute them.  See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), & 860; United States v. Faust, 456 F.3d 1342, 1345 (11th Cir. 2006).  Knowledge, possession, and intent can be proven by either direct or circumstantial evidence. United States v. Poole, 878 F.2d 1389, 1391–92 (11th Cir. 1989) (per curiam).  A defendant's intent to distribute may be inferred from the quantity of contraband seized, and the lack of paraphernalia used to consume the drugs.  United States v. Mercer, 541 F.3d 1070, 1076 (11th Cir. 2008) (per curiam).  Intent to distribute may also be inferred from the presence of firearms, which are the "tools of the

4

trade" for drug dealers. United States v. Terzado-Madruga, 897 F.2d 1099, 1120 (11th Cir. 1990).

Here, the evidence was sufficient to show that Rucker possessed marijuana and cocaine base with intent to distribute within 1,000 feet of a school and park. There is no dispute that Rucker's residence was within 1,000 feet of a school and playground. Rucker admitted to his knowing possession of the controlled substances in his residence. A scale with cocaine residue, sandwich baggies, a Pyrex pot containing crack cocaine residue, and a lack of personal use paraphernalia together could allow a jury to reasonably infer that Rucker intended to distribute the drugs. Mercer, 541 F.3d at 1076. The jury also heard from two police detectives that the amount of drugs Rucker admitted to possessing were present in distribution amounts. Finally, the presence of a firearm in Rucker's room was further evidence of his intent to distribute. Terzado-Madruga, 897 F.2d at 1120. Viewing the evidence in a light most favorable to the government, a jury could reasonably conclude beyond a reasonable doubt that Rucker was guilty of these crimes. Taylor, 480 F.3d at 1026; Ladson, 643 F.3d at 1342.

## II.

Next, Rucker argues for the first time on appeal that he was seized in violation of his Fourth Amendment rights, and that his post-arrest statements should therefore be excluded. We review arguments first presented on appeal for

plain error.  United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996).  For an

error to be plain, it must be "obvious and clear under current law."  United States

v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006).

The Fourth Amendment protects people against "unreasonable searches and

seizures."  U.S. Const. Amend. IV.  Generally, evidence obtained as a result of an

unreasonable search or seizure is not admissible.  United States v. Noriega, 676

F.3d 1252, 1259 (11th Cir. 2012).  The reasonableness of a seizure or arrest under

the Fourth Amendment turns on the presence or absence of probable cause.  United

States v. Lopez-Garcia, 565 F.3d 1306, 1314 (11th Cir. 2009).  Probable cause to

arrest exists when law enforcement officials have facts and circumstances within

their knowledge sufficient to warrant a reasonable belief that the suspect had

committed or was committing a crime.  Id.  This Court will uphold an arrest only if

objective circumstances justify it.  United States v. Jones, 377 F.3d 1313, 1314

(11th Cir. 2004).

Detentions incident to the execution of a search warrant are often reasonable

under the Fourth Amendment, though once a person has left the immediate vicinity

of a premises to be searched, detentions must be justified by some other rationale.

Bailey v. United States, 568 U.S. ___, ___, 133 S. Ct. 1031, 1042–43 (2013).  If

officers elect to defer the detention until the suspect leaves the immediate vicinity

of the search area, the lawfulness of detention is controlled by other standards, including an arrest based on probable cause. Id. at ___, 133 S. Ct. at 1042.

Here, the district court committed no error by admitting Rucker's post-arrest statements because the officers had probable cause to arrest Rucker. Prior to the execution of the search warrant, a police detective observed a confidential informant make two controlled purchases of drugs from Rucker. This is sufficient to warrant a reasonable belief that Rucker had committed or was committing a crime. Lopez-Garcia, 565 F.3d at 1314. Because there was probable cause to arrest Rucker, his arrest was not an unreasonable seizure and the district court did not err by admitting his post-arrest statements. Id. at 1315.

**III.**

Rucker argues for the first time on appeal that the district court erred at sentencing by considering his prior convictions in violation of his Sixth Amendment rights. Therefore, our review is once again for plain error. Chisholm, 73 F.3d at 307.

Typically, the Fifth and Sixth Amendments require that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000). The fact of a prior conviction, however, is excepted from this rule. Id.; Almendarez-Torres v. United

States, 523 U.S. 224, 226–27, 118 S. Ct. 1219, 1222 (1998).  Even after the Supreme Court's ruling in Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), the prior conviction exception in Almendarez-Torres remains controlling. Alleyne, 570 U.S. at ___, 133 S. Ct. at 2160 n.1 (stating that the Supreme Court in Alleyne is not revisiting Almendarez-Torres because the parties do not contest its vitality); United States v. Harris, 741 F.3d 1245, 1249 (11th Cir. 2014) (stating that "Alleyne did not address the specific question at issue in this case, which is whether a sentence can be increased because of prior convictions without a jury finding the fact of those convictions," and concluding "[t]hat question continues to be governed by Almendarez-Torres").

Here, the district court committed no error by considering the fact of Rucker's prior convictions without first submitting them to a jury.  Even after Alleyne, the precedent of the Supreme Court in Almendarez-Torres and this Circuit in Harris do not require proof of a prior conviction to a jury.  We are bound by Almendarez-Torres and Harris to reject Rucker's argument.

**IV.**

The judgment and sentence of the district court are **AFFIRMED**.

8