[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11449
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00027-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT CARL ALLBRITTON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 17, 2019)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Robert Allbritton appeals his conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Allbritton argues that the district court erroneously denied his motion to suppress evidence because probable cause did not support the traffic stop that led to the discovery of marijuana and methamphetamine. After careful review, we affirm Allbritton's conviction.

On September 28, 2016, Robert Dean, a Deputy with the Alachua County Sheriff's Office, initiated a traffic stop of a car that failed to come to a complete stop at a stop sign shortly after exiting Interstate 75 outside of Gainesville, Florida. After speaking with the driver, Allbritton, Dean radioed for backup and then began to write a warning ticket. A backup officer arrived within minutes. While speaking with the passenger, the officer smelled marijuana inside of the car. A search of the car revealed a small amount of marijuana and approximately three kilograms of methamphetamine.

A federal grand jury returned a two-count indictment, charging Allbritton with conspiracy to possess with intent to distribute and possession with intent to distribute methamphetamine. Allbritton filed a motion to suppress evidence, arguing that Deputy Dean initiated the traffic stop without probable cause or reasonable suspicion. Allbritton maintained that his actions were consistent with Florida Statute § 316.123(2)(a), which provides that, "[e]xcept when directed to

2

proceed by a police officer or traffic control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop" before entering the intersection.

At a suppression hearing, Deputy Dean testified to the circumstances surrounding the traffic stop. On September 28, Dean was patrolling Interstate 75 in an unmarked Chevy Tahoe. He drove beside a silver Nissan Altima with Massachusetts plates and observed suspicious movements from its driver. Dean then followed the Altima as it exited the Interstate at Exit 374, which was the final southbound exit in Alachua County. At the end of the off ramp, which intersected with a county road, there was a stop sign. Dean observed the Altima slow down but never come to a complete stop as it navigated the stop sign and turned right onto the county road. At that point, Dean activated his patrol lights and initiated a traffic stop. The government admitted a video of the traffic stop into evidence, and the district court stated it had viewed the video several times before the hearing.

The district court denied the motion to suppress. Crediting Deputy Dean's testimony and the video of the traffic stop, the court found that Allbritton failed to stop fully at the stop sign. The court therefore concluded that Dean had probable cause to stop Allbritton for violating Florida Statute § 316.123(2)(a), which, in the court's view, required a "complete stop." The court rejected Allbritton's argument that Dean "directed [him] to proceed" through the stop sign, within the meaning of

3

the exception in § 316.123(2)(a), by "almost rear-end[ing] him" as he slowed down to stop. The court found that Dean took no action that would constitute a direction to proceed within the meaning of the statute. Rather, according to the court, Dean "merely followed behind [Allbritton] at a safe distance, both vehicles slowed as they approached the intersection," and as Dean prepared to stop behind Allbritton he observed Allbritton "roll through the stop sign."

After the denial of his suppression motion, Allbritton entered a conditional guilty plea to the conspiracy count, reserving his right to appeal the denial of his suppression motion. He was sentenced to thirty-six months of imprisonment and three years of supervised release, and he now appeals.

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error and its application of the law to those facts *de novo*. *United States v. Jones*, 377 F.3d 1313, 1314 (11th Cir. 2004). There is no clear error "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985).

The Fourth Amendment protects individuals from unreasonable searches and seizures. *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008); U.S. Const. amend. IV. Generally, the decision to stop and therefore "seize" a vehicle and its occupants is reasonable where the officer has probable cause to believe that

4

a traffic violation has occurred. *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999). "[A]n officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." *Id.* (quotation marks omitted).

Under Florida law, "every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop" before entering the intersection, "[e]xcept when directed to proceed by a police officer or traffic control signal." Fla. Stat. § 316.123(2)(a). Allbritton does not dispute that he failed to stop fully at the stop sign, but he maintains that the statutory exception applies because he was "clearly driving out of the way of an obviously impatient law enforcement officer." Under this theory, Deputy Dean's "obvious impatience" apparently constitutes the "direct[ion] to proceed by a police officer." Allbritton further suggests that, even if the statutory exception does not apply, probable cause was lacking because Dean's actions "caused, or at least influenced the commission of the traffic infraction."

Here, the district court did not err in denying Allbritton's motion to suppress. First, the record clearly supports the court's finding that Allbritton committed a traffic violation by failing to stop fully at the stop sign. The video evidence confirmed Deputy Dean's testimony that the Altima's wheels "never came to a complete stop" as Allbritton traversed the stop sign. So, it was objectively reasonable for Dean to have believed that Allbritton committed a traffic

5

violation by rolling through the stop sign. *See Simmons*, 172 F.3d at 778. And because Dean had probable cause to stop Allbritton for a traffic violation, his "motive in making the traffic stop [did] not invalidate what [was] otherwise objectively justifiable behavior under the Fourth Amendment." *Id.*

Second, nothing in the record indicates that Deputy Dean either induced the traffic violation or directed Allbritton to proceed through the stop sign without stopping fully. There was no testimony that Dean made any gestures or statements to Allbritton before activating his patrol lights. And the video evidence contradicts Allbritton's claim that Dean engaged in aggressive or obviously impatient driving and almost rear-ended him. Having viewed the video of the traffic stop, we agree with the district court that Dean "merely followed behind [Allbritton] at a safe distance, both vehicles slowed as they approached the intersection," and as Dean prepared to stop behind Allbritton he observed Allbritton "roll through the stop sign." Because the court's account of the evidence is plausible, there is no clear error in the court's finding that Dean did not cause the traffic infraction. *See Anderson*, 470 U.S. at 573–74.

For these reasons, we affirm the district court's denial of the motion to suppress, and we therefore affirm Allbritton's conviction.

**AFFIRMED**.